**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RONNIE BRADFIELD,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02819-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION FOR PARTIAL SUA SPONTE DISMISSAL AND DISMISSING INDIVIDUAL DEFENDANTS**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed August 6, 2026. (ECF No. 15.) In the R&R, Judge Christoff recommends dismissing pro se Plaintiff Ronnie Bradfield's claims against the various employees and independent contractors for the Veterans Affairs Medical Center ("Individual Defendants") named in his Complaint. She also recommends denying Bradfield's Motion to Amend. (Id. at PageID 77.) That said, Judge Christoff found that Bradfield stated a claim against the remaining Defendant, the United States of America, and directed the Clerk to issue summons for that Defendant. (Id. at PageID 77–78.)

Bradfield sues under the Federal Tort Claims Act ("FTCA"), alleging that a "head CT scan/X-ray procedure at the VA Medical Center" caused him to experience "severe and unexpected physical reactions." (ECF No. 2 at PageID 2–4.) He later filed an Amended Complaint, adding claims under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. (ECF No. 12.) Because Bradfield proceeds in forma pauperis, Judge Christoff screened his filings under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 15 at PageID 73.)

The R&R asserts that Bradfield's § 1983 claim should be dismissed because Defendants—the United States and those who work for the Veterans Affairs—act under color of federal law, not state law. (Id. at PageID 76.) As for the ADA claim, the R&R recommends dismissal since Congress has not waived sovereign immunity for such a claim. (Id.) Judge Christoff also found that the Individual Defendants should be dismissed, as the United States is "the only proper defendant for claims under the FTCA." (Id. at PageID 76 (internal modification omitted).) For these reasons, she recommends denying Bradfield's Motion to Amend and dismissing his claims against the Individual Defendants with prejudice.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Bradfield's deadline to object to the R&R was August 20, 2026, and no objections were filed. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. Judge Christoff accurately found that Bradfield fails to state a claim under § 1983 and the ADA, which renders any amendment as to those claims futile. She was also correct to find that Bradfield cannot state an FTCA claim against the Individual Defendants. The R&R is therefore **ADOPTED**, Bradfield's Motion to Amend is **DENIED WITHOUT PREJUDICE**, and the Individual Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 11th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE